IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARMEN RAMOS                         :

                                   :

     v.                              :   Civil Action No. DKC 11-3022

                                   :

BANK OF AMERICA, N.A., et al.        :

                                   :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this case is a motion to remand filed by Plaintiff Carmen Ramos.  (ECF No. 11).  The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Plaintiff's motion will be denied.

**I.   Background**

Plaintiff Carmen Ramos, proceeding *pro se*, commenced this action on September 14, 2011, by filing a complaint against Defendants Bank of America, N.A., and BAC Home Loan Servicing, LP (together, "Bank of America") in the Circuit Court for Montgomery County, Maryland.  (ECF No. 2).  According to the complaint, Plaintiff is a Maryland resident, Defendant Bank of America, N.A., "is a mortgage lender financial institution headquartered in Charlotte, NC," and Defendant BAC Home Loan Servicing, LP, "is a subsidiary of Bank of America, N.A.[,] and

is located in Calabasas, CA." (*Id*. at ¶ 1-3). Plaintiff alleges fraud, breach of contract, violation of the Maryland Consumer Protection Act, and related provisions under Maryland law. She seeks compensatory damages of at least one million dollars.

Bank of America filed a notice of removal on October 24, 2011, asserting that removal was proper "based on diversity of citizenship, 28 U.S.C. § 1332." (ECF No. 1, at 1).[1] Plaintiff responded, on October 28, by moving to remand. (ECF No. 11). Bank of America has opposed that motion. (ECF No. 15).

## II. Analysis

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted). This standard reflects the reluctance

---

[1] In the notice of removal, Bank of America asserts that Defendant BAC Home Loans Servicing, LP, "merged with and into Bank of America" on June 1, 2011. (ECF No. 1, at 1-2 n. 1). Thus, "Bank of America, N.A.[,] is the only defendant in this case" and "no other party need consent to this removal." (*Id*. at ¶ 5). Plaintiff has not challenged this assertion.

of federal courts "to interfere with matters properly before a state court." *Id*. at 701.

Title 28 U.S.C. § 1441 allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction." Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

The requirements for diversity jurisdiction are met in this case. The amount in controversy clearly exceeds the jurisdictional minimum of $75,000, as the complaint seeks damages of least one million dollars. Moreover, the parties are completely diverse. It is undisputed that Plaintiff is a Maryland resident and that Bank of America, the sole remaining defendant, is a national banking association "headquartered in Charlotte, NC." (ECF No. 2 ¶ 2). Pursuant to 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all actions by or against them, be deemed citizens of the States in which they are respectively located." In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006), the Supreme Court of the United States determined that, for purposes of § 1348, a national bank is located "in the State designated in its articles of association as its main office." As the parties

3

appear to agree, Bank of America's main office is located in North Carolina.  *See Willis v. Countrywide Home Loans Servicing, L.P.*, Civil Action No. CCB-09-1455, 2009 WL 5206475, at *3 (D.Md. 2009) ("Bank of America's articles of association clearly state that its main office is located in North Carolina.").

Because the parties are diverse and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[2]  Accordingly, removal was proper and Plaintiff's motion to remand will be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2]  Plaintiff's argument to the contrary is based on her erroneous belief that removal was premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  As noted, Bank of America expressly removed "based on diversity of citizenship, 28 U.S.C. § 1332."  (ECF No. 1, at 1).  To the extent that Bank of America argues that Plaintiff's motion is frivolous and requests an award of attorneys' fees, presumably under Rule 11, the court declines to award such relief at this time.