IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARMEN RAMOS                    :
                                :
   v.                           :   Civil Action No. DKC 11-3022
                                :
BANK OF AMERICA, N.A., et al.   :

**MEMORANDUM OPINION**

Presently pending and ready for review in this diversity action is the motion to dismiss filed by Defendants Bank of America, N.A., and BAC Home Loan Servicing, LP. (ECF No. 33). The issues have been fully briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background[1]**

This action arises from Plaintiff Carmen Ramos's unsuccessful attempts to obtain a permanent modification of her mortgage loan pursuant to the United States Treasury Department's Home Affordable Modification Program ("HAMP"). HAMP is a national program designed to stem the home foreclosure crisis by providing affordable mortgage loan modifications to

---

[1] As two opinions in this case have come before this one, some familiarity with the facts is assumed. *See Ramos v. Bank of America, N.A., et al.*, No. DKC 11-3022, 2011 WL 5574023 (D.Md. Nov. 15, 2011); *Ramos v. Bank of America, N.A., et al.*, No. DKC 11-3022, 2012 WL 1999867 (D.Md. June 4, 2012).

eligible borrowers. In January 2011, Ramos suffered a reduction in her income as a result of a change in her employment. To remedy her economic situation, Ramos sought a HAMP loan modification from Defendants, who serviced Ramos's home mortgage. Despite allegedly qualifying for modification and completing all of the required application materials, Plaintiff never received a permanent modification of her loan.

On September 14, 2011, Ramos filed a *pro se* complaint against Defendants in the Circuit Court for Montgomery County, Maryland, alleging eleven counts based on Defendants' purported misconduct in connection with her attempts to procure a loan modification. (ECF No. 2). After service, Defendants timely removed to this court. (ECF No. 1). Ramos unsuccessfully moved to remand the case back to state court. (ECF Nos. 19, 20).

On October 31, 2011, Defendants moved to dismiss. (ECF No. 12). By memorandum opinion and order issued on June 4, 2012, that motion was granted. (ECF Nos. 30, 31). In its ruling, the court first explained the distinction between claims that seek to enforce HAMP's guidelines and claims that seek to enforce the terms of a Trial Period Plan ("TPP") agreement, a standardized contract between lenders and borrowers that establishes a three-month trial modification of a borrower's existing mortgage and promises a permanent modification if certain conditions are met. (ECF No. 30, at 6-7). Although there is no private cause of

2

action under HAMP, the court observed that a plaintiff seeking to enforce the terms of a TPP, "if one exists," may have a cognizable cause of action that is "separate and apart from HAMP." (*Id.* (citing *Allen v. CitiMortgage, Inc.*, No. CCB-10-2740, 2011 WL 3425665, at *8 (D.Md. Aug. 4, 2011); *Stovall v. SunTrust Mortg., Inc.*, No. RDG-10-2836, 2011 WL 4402680, at *11 (D.Md. Sept. 20, 2011)).

Applying this distinction, four of Plaintiff's counts were dismissed because they relied on factual assertions that Defendants had improperly rejected Plaintiff's application for a preliminary loan modification and thus, at bottom, sought to enforce HAMP's guidelines rather than the terms of a TPP. (*Id.* at 7). Although the original complaint contained factual inconsistencies regarding whether Plaintiff ever entered into a TPP with Defendants, Ramos's remaining counts were nonetheless liberally construed as "seeking to enforce the TPP itself or some other right independent of HAMP." (*Id.*). Due to pleading inadequacies, however, each of these counts was still dismissed under Rule 12(b)(6). (*Id.* at 8-18).

Notably, the memorandum opinion dismissed Plaintiff's claims for unjust enrichment and violation of the Maryland Consumer Protection Act ("MCPA") without prejudice and provided Ramos with specific, detailed instructions regarding amendment. First, in order for her fraud-based MCPA claim to meet the

heightened pleading requirement set forth in Fed.R.Civ.P. 9(b), Ramos was advised that "[i]t is not enough to aver the general nature of Defendants' compliance, or lack thereof, with HAMP; every factual allegation in support of a potential MCPA claim must be grounded in Defendants' actual conduct *pursuant to the TPP*." (ECF No. 30, at 12) (emphasis added).[2] As to unjust enrichment, Plaintiff was instructed that any amendment must set forth "non-conclusory facts . . . suggesting that Defendants obtained an unfair benefit *by entering into the TPP* with Ms. Ramos." (*Id.* at 15) (emphasis added). The memorandum opinion thus unequivocally put Ramos on notice that the success of any future amended complaint depended on her ability to allege specific facts regarding the existence of a TPP and Defendants' conduct in connection thereto.

On June 12, Plaintiff timely amended her complaint to assert claims for unjust enrichment and violations of the MCPA. (ECF No. 32).[3] As in the original complaint, the amended complaint alleges that since Ramos submitted a completed "FHA-

---

[2] Although the original complaint asserted separate counts for violations of the MCPA and for "unfair and deceptive trade practices," the claims were construed together as asserting a single cause of action under the MCPA. (ECF No. 30, at 8-9).

[3] Plaintiff again pleads two separate counts for "unfair and deceptive trade practices" and violations of the MCPA. (ECF No. 32 at 7-8, 9-10). Consistent with the court's prior memorandum opinion, these two counts will be construed together as a single claim brought under the MCPA.

4

HAMP" application packet to Defendants on February 3, 2011, numerous delays have prevented her from obtaining a permanent loan modification. Throughout this time period, Defendants allegedly acted deceptively and in violation of HAMP by: repeatedly losing Ramos's paperwork; asking her to re-produce documents they already possessed; maintaining inadequate staff to assist Plaintiff with the HAMP process; "filter[ing]" borrowers, including Plaintiff, through "endless phone calls re-route[d] to various representatives who g[a]ve conflicting answers" about HAMP; and "attempt[ing] to bully Plaintiff into making decisions which [were] not in her best interests" and were contrary to HAMP guidelines. (*Id.* ¶¶ 28-29). Defendants took "other steps to thwart, delay or prevent Plaintiff the extension of offers for a permanent modification" of her loan, which purportedly allowed them to "charg[e] her improper fees and penalties." (*Id.* ¶ 28).

Importantly, Plaintiff's newly added factual allegations did not resolve whether Ramos ever entered into a TPP with Defendants. In an early section of the amended complaint titled "Defendants['] Course of Conduct," Plaintiff generally alleges that Defendants "entered into a standardized contract with Plaintiff and thousands of homeowners for a temporary trial modification of their existing note and mortgage." (ECF No. 32 ¶ 14). Later, however, Plaintiff avers that Defendants violated

5

HAMP by "[d]enying [her] a Permanent Modification *or Trial Plan* pursuant to her numerous requests for such" (*id.* ¶ 28a) (emphasis added) and further alleges that Defendants denied her "the opportunity to secure any . . . permanent modifications [of her loan] through the completion of the Trial Plans which she was never given" (*id.* ¶ 42).[4]

Defendants filed the pending motion to dismiss the amended complaint (ECF No. 33), which Ramos opposed (ECF No. 35). Defendants filed a reply (ECF No. 36) and a "Notice of Supplemental Authority" (ECF No. 37) in support of their motion.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule

---

[4] Presumably in an attempt to destroy diversity jurisdiction under 28 U.S.C. § 1332 and to obtain a remand back to state court, Plaintiff's amended complaint also prays for damages in the amount of $74,950.00 (ECF No. 32 ¶ 46) – an amount that is significantly less than the $1 million prayed for in the original complaint (ECF No. 2 ¶ 70). It is well-established, however, that diversity jurisdiction is not affected where a plaintiff amends her complaint after removal to "reduce[] the claim below the requisite amount [in controversy]." *Gardner v. AMF Bowling Ctrs., Inc.*, 271 F.Supp.2d 732, 733 (D.Md. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)); *see also Hernandez v. Carlson Holdings, Inc.*, No. 10-00539-RDG, 2010 WL 4181455, at *1-2 (D.Md. Oct. 22, 2010) (post-removal amendment of a diversity complaint to seek less than $75,000 does not provide a basis for remanding to state court).

8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. Analysis**

Defendants principally contend that Plaintiff failed to amend her complaint in any meaningful way, such that dismissal is warranted under Rule 12(b)(6) for the same reasons set forth in the court's prior memorandum opinion and order. (ECF No. 33, at 2-3). Specifically, Defendants argue that the only reasonable conclusion that can be drawn from the factual inconsistencies that persist in Plaintiff's amended complaint is that Defendants never offered her a TPP agreement. Accordingly, Defendants argue that the remaining counts must be dismissed because they seek to enforce HAMP rather than any TPP. Defendants alternatively contend that Plaintiff's amended complaint must be dismissed because of pleading inadequacies. Plaintiff does not directly respond to Defendants' arguments but instead submits an opposition brief that is virtually identical to the one she filed in response to Defendants' first motion to

dismiss.  (*Compare* ECF Nos. 27 and 35).  Defendants' arguments are well-taken.

"[W]hen a complaint contains inconsistent and self-contradictory statements, it fails to state a claim." *Hosack v. Utopian Wireless Corp.*, No. DKC 11-0420, 2011 WL 1743297, at *5 (D.Md. 2011) (citing *In re Livent Inc. Noteholders Sec. Litig.*, 151 F.Supp.2d 371, 406 (S.D.N.Y. 2001)).  Here, despite clear instructions about the need to allege specific facts regarding the existence of a TPP, Plaintiff's amended complaint again makes self-contradictory statements regarding this critical question.  Indeed, Ramos's newly added factual allegations all explicitly aver the *non*-existence of such a contract (s*ee* ECF No. 32 ¶¶ 28, 45), directly contradicting her conclusory allegation that she, along with millions of other homeowners, entered into a TPP agreement with Defendants (*id.* ¶ 15).  In light of these inconsistencies, it cannot be said that this latter averment constitutes a well-pleaded allegation that must be taken as true in ruling on Defendants' motion to dismiss.

When the inconsistent TPP allegations are disregarded, the only remaining facts asserted in the amended complaint relate Defendants' purported actions or inactions under HAMP.  For example, in support of her MCPA claim, Plaintiff alleges that Defendants violated HAMP by denying her a loan modification; failing to maintain adequate staff to help Plaintiff with her

9

application; and generally preventing Plaintiff from obtaining a loan modification – all for the purpose of charging Ramos additional fees and penalties. (ECF No. 32 ¶¶ 27-33). Plaintiff alleges similar conduct in support of her unjust enrichment claim, averring that it would be unjust for Defendants to retain the benefits they received from Plaintiff while they executed their "multi-phase plan of not giving her a FHA-HAMP loan." (*Id.* ¶¶ 34-40). In essence, all of Plaintiff's factual allegations assert that Defendants acted improperly pursuant to the HAMP guidelines. As set in the court's prior memorandum opinion, however, Congress did not create a private right of action to enforce HAMP. A plaintiff cannot circumvent the intent of the legislature by recasting alleged HAMP violations as alternative causes of action. *See, e.g.*, *Parks v. BAC Home Loan Servicing, LP*, 825 F.Supp.2d 713, 716 (E.D.Va. 2011) (dismissing a claim for breach of the implied duty of good faith and fair dealing "as it is merely another attempt to recast the HAMP claim"). Because they rely exclusively on Defendants' alleged HAMP violations, Plaintiff's unjust enrichment and MCPA claims are not cognizable and will be dismissed with prejudice.

In any event, the amended complaint fails to remedy the pleading deficiencies identified in the court's previous memorandum opinion. The newly added allegations in support of

Ramos's fraud-based MCPA claim do not specify the time, place, or content of Defendants' allegedly deceptive actions. (*See* ECF No. 32 ¶¶ 27-33, 41-45). Accordingly, Plaintiff's amended MCPA claim fails to comply with Rule 9(b)'s heightened pleading standard. Likewise, the conclusory allegations in support of Plaintiff's unjust enrichment claim – *i.e.*, that Defendants unjustly received a benefit at Plaintiff's expense by engaging in deceptive conduct (*id.* ¶¶ 34-40) – are insufficient to state a plausible claim for relief under *Twombly* and *Iqbal*. Hence, the amended complaint is also subject to dismissal for failing to meet the applicable pleading standards.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted. A separate order will follow.

```
                           /s/
       _____
       DEBORAH K. CHASANOW
       United States District Judge
```